### In re SPOONER.[1]

(Circuit Court, S. D. New York. November, 1880.)

1. ARRESTS UNDER ELECTION LAWS—DELAY TO EXECUTE WARRANT.
    It is an offense within Rev. St. § 5515, if an election officer intentionally delays executing a warrant for the arrest of one charged with illegally registering, until election day, in order to prevent his voting.

2. SAME—THREATS.
    It is equally so to threaten to arrest for the purpose of deterring from voting.

Application to the circuit court for a warrant for the arrest of William R. Spooner, special deputy marshal, and aid to Chief Supervisor Davenport.

William H. Kip made affidavit that Spooner had stated "that there was a warrant issued for every man who had registered on 1868 papers; that these warrants would not be executed until election day, and on that day every such person would be arrested at the polls on presenting himself and offering to vote, and, being under arrest, he would not be allowed to vote." Timothy Donohue swore that he was naturalized in 1868; that he had caused the record of his naturalization to be carefully examined, and was positive that he had a legal right to vote, but that he was intimidated from attempting to vote at the election held November 2, 1880, and "unlawfully hindered, prevented, and obstructed from voting or attempting to vote at said election, through fear of arrest at the polls, and by reason of said Spooner's threats."

E. Ellery Anderson and Geo. W. Wingate, for application
Dist. Atty. Tenney, for the United States.

BLATCHFORD, Circuit Judge (orally). We think there is probable cause for issuing a warrant. Mr. Spooner is a special deputy marshal and an election officer. Section 5515 of the Revised Statutes of the United States makes it an offense for an election officer to violate any duty imposed by the laws of the United States. Under section 2022 it is his duty to arrest any man, whoever he may be, who has committed or who offers to commit any offense prohibited by the statute. Although it does not appear by Kip's affidavit that Spooner disclosed the name of Donohue, yet it is clearly stated that the warrants had been issued; that they would not be executed until election day, but that the parties named in them would be arrested on election day, when they attempted to vote, and be kept from voting. We are very clear that it is the intention of the law that every man shall be arrested just as soon as he can be, if

---

[1] This case has been heretofore reported in 9 Abb. N. C. 481, and is now published in the series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

he has committed an offense, and that no officer should wait until election day to execute a warrant. It is the duty of all persons—both of those who issue the warrant, and those who execute the warrant—to try to execute them immediately, if the man can be found. There is no doubt, however, that in a certain class of cases, such as we now understand are occurring in Brooklyn, where persons have illegally given false residences, and the warrants have been issued for those persons, probably they cannot be found before election day, and may never be found; and in such cases it may be necessary to execute the warrants on election day. But, in all cases where people can be found, these warrants should be executed promptly, and before election day. There is no question about that.

CHOATE, District Judge. Purposely omitting to serve warrants until election day, for the purpose of preventing people from voting, would be a breach of duty on the part of the chief supervisor or the deputy marshal.

BLATCHFORD, Circuit Judge. Of course, the court having stated that this is a proper case for a warrant, the district attorney must follow it up. The court so orders.

Dist. Atty. Tenney said that he was placed in a very peculiar position, that he understood that there were no warrants in the hands of Mr. Spooner which he had been directed to execute, and that he was sure that there would be a failure of evidence against him on that point.

BLATCHFORD, Circuit Judge. It makes no difference whether this marshal had these warrants or not. It is just as much an offense for him to threaten to arrest people on election day, to prevent their voting, as it would be to keep back a warrant and execute it on that day for that object. Perhaps, however, it is not necessary actually to produce the defendant, and take up the time of counsel and the court to-day on the examination of this question. The clear and undoubted judgment of the court on this point has been expressed, both judges concurring, and ought to be sufficient for all purposes, and it ought to be unnecessary to go through any formalities until after election. We both agree that, where a man can be arrested before election day as well as not, he ought to be so arrested. If there is any delay in arresting him, where he could have been arrested before that day, it must be presumed to be for the purpose of preventing him from voting, and consequently unlawful.

BLATCHFORD, Circuit Judge, then directed the warrant to issue.

[The proceeding was discontinued after election day.]